IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN S. HENSLEY,

          Plaintiff,

v.                                                     CIVIL ACTION NO.  3:20-0292

FEDERAL DEPOSIT INSURANCE
CORPORATION (FDIC) receiver for
First State Bank,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is a Motion to Dismiss Fourth Amended Complaint by Defendant Federal Deposit Insurance Corporation as the Receiver for First State Bank (FDIC-Receiver). ECF No. 20. Plaintiff Steven S. Hensley opposes the motion. Upon review, the Court **HOLDS** the motion **IN ABEYANCE** and permits Plaintiff to join MVB Bank, Inc. as a party and file a Fifth Amended Complaint.

      On August 22, 2014, Plaintiff filed an action against The First State Bank in the Circuit Court of Cabell County. ECF No. 1-6. In his original Complaint, Plaintiff alleged that he is unsophisticated in financial matters and entered into "an exploitative commercial loan" with The First State Bank to build a residence[1] with "an unwanted commercial balloon loan contract that amortized over thirty years, but required full payoff after five years." *Compl*. at 1. Plaintiff claimed the balloon payment was not disclosed to him. Additionally, Plaintiff alleged there were other

---

[1]According to Plaintiff, his prior home was destroyed by fire.

irregularities with the loan, which included a consolidation of loans that he claims he was unaware had occurred.² Ultimately, Plaintiff filed suit against the bank in state court, alleging claims for Unconscionable Contract, Negligent Supervision Oversight, Fraud as to Type of Contract and Balloon Rate, Fraud in Loan Amount, Unjust Enrichment, Conversion, Illegal Debt Collection, and Breach of Contract. Thereafter on July 28, 2016, Plaintiff filed an Amended Complaint with the same causes of action. *Am. Compl.*, ECF No. 1-7. Plaintiff then filed a Second Amended Complaint on October 2, 2018, which added a claim for Fraud (ECF No. 1-8), and a Third Amended Complaint on April 14, 2020, that added a claim for a violation of West Virginia Code § 31-17-8(m)(8) which prohibits the amount of the loan to exceed the fair market value of the property used as collateral.³ ECF No. 1-9.

---

²Plaintiff alleges that the loan was handled by Jackie Cantley, a loan officer and Vice President at the bank. The legacy of Mr. Cantley's corrupt loan practices are well known to this Court. On September 15, 2014, Mr. Cantley was sentenced by this Court to sixty months of incarceration for Misallocation of Bank Funds, in violation of 18 U.S.C. § 656. *See U.S. v. Cantley*, 3:13-cr-00245 (S.D. W. Va. 2013).

³West Virginia Code § 31-17-8(m)(8) provides, in part:

> In making any primary or subordinate mortgage loan, a licensee may not, and a primary or subordinate mortgage lending transaction may not, contain terms which: . . . (8) Secure a primary or subordinate mortgage loan in a principal amount that, when added to the aggregate total of the outstanding principal balances of all other primary or subordinate mortgage loans secured by the same property, exceeds the fair market value of the property on the date that the latest mortgage loan is made.

W. Va. Code § 31-17-8(m)(8), in part. Here, Plaintiff asserts the real estate was appraised at $135,000 by The First State Bank's appraiser; nevertheless, the loan was written for an amount of $304,500 in violation of the statute. *Third Am. Compl.*, at 12.

Just prior to the filing of the Third Amended Complaint, The First State Bank failed. The FDIC was appointed as its Receiver on April 3, 2020, and it succeeded to the bank's interests and liabilities. *See* 12 U.S.C. § 1821(d)(2)(A), in part ("The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to--(i) all rights, titles, powers, and privileges of the insured depository institution"). On that same day, the FDIC-Receiver executed a Whole Bank Purchase and Assumption Agreement with MVB Bank, Inc., another banking institution, for the sale of virtually all assets of The First State Bank. Approximately, three weeks later, the FDIC-Receiver substituted itself as a party in this action and removed the case to federal court. Thereafter, the FDIC-Receiver moved to stay all proceedings so the parties could complete the administrative claims process mandated by the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), at 12 U.S.C. § 1821(d)(3)-(13). The Court granted the motion.

Several months later, and while the administrative process was still proceeding, the FDIC-Receiver executed and publicly recorded an assignment of the Deed of Trust and Note at issue in this case to MVB.[4] Thus, the FDIC-Receiver no longer held or had an interest in the Deed of Trust and Note. Thereafter, on January 19, 2021, the FDIC-Receiver provided the Court with a Notice disallowing the administrative claim "as not proven to the satisfaction of the Receiver." *Not. of Disallowance of Claim* (Jan. 12, 2021), ECF No. 11-1. There was no further explanation as to why the claim was disallowed, but it did provide that the Plaintiff had sixty days to either "file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) . . . [or] the disallowance of [the] claim will be final" and Plaintiff "will have no further rights or

---

[4]The documents were recorded on October 8, 2020.

remedies with respect to [his] claim." *Id*. Plaintiff opted to proceed with the litigation so the Court lifted the stay.

After lifting the stay, the parties advised the Court that they reached an agreement to allow Plaintiff to modify his Third Amended Complaint, recognizing that the FDIC-Receiver had unique federal statutory defenses that could not have been raised by The First State Bank when it was the defendant. Believing a revision of the Third Amended Complaint would streamline the action, the parties submitted a proposed agreed order permitting the revision, which the Court signed.[5] On June 3, 2021, Plaintiff filed his Fourth Amended Complaint, which eliminated all his prior claims other than a violation of West Virginia Code § 31-17-8(m)(8), for issuing a mortgage that far exceeded the fair market value of the property. *Fourth Am. Compl.*, ECF No. 18. As relief, Plaintiff seeks the Note and Deed of Trust to be voided and declared unenforceable, and Plaintiff be awarded the real estate free and clear of any liens.

Now, the FDIC-Receiver moves to dismiss the Fourth Amendment Complaint for three reasons. First, the FDIC-Receiver argues that § 1821(j) of FIRREA bars the requested declaratory relief.[6] Second, the FDIC-Receiver is unable to provide the requested relief because it no longer has an interest in the Note or Deed of Trust as they were sold and assigned to MVB.

---

[5]In addition, a Motion for Partial Summary Judgment, that was filed by Plaintiff before the stay, was denied as moot. *Order*, at 2 (Mar. 2, 2021), ECF No. 16.

[6]Section 1821(j) provides: "**(j) Limitation on court action**[.] Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver." 12 U.S.C. § 1821(j).

Third, the FDIC-Receiver asserts that Plaintiff's claim under West Virginia Code § 31-17-8(m)(8) is barred by the statute of limitations because the loan was issued on December 11, 2013, but the claim under this statute was not asserted until April 14, 2020, which was beyond the two-year statute of limitations. *See Robinson v. Quicken Loans Inc.*, 988 F. Supp. 2d 615, 627 (S.D. W. Va. 2013) (holding that "the two-year, catch-all statute of limitations period contained in § 55–2–12 governs" West Virginia Code § 31-17-8(m)(8)).

Upon considering the parties' arguments, the Court agrees with the FDIC-Receiver that it no longer has the ability to provide Plaintiff the relief he requests in the Fourth Amended Complaint. Quite simply, the FDIC-Receiver cannot void and declare the Note and Deed of Trust unenforceable, or grant Plaintiff the real estate free and clear of any liens, because it no longer owns or has any interest in the mortgage or the property. However, the Court also finds that the dismissal of the claim should not prevent Plaintiff's action from proceeding.

In this case, Plaintiff was placed in a very difficult position. Years before the failure of The First State Bank, Plaintiff filed his action against a proper defendant, essentially alleging The First State Bank duped him into an unscrupulous loan. He prosecuted his action for nearly six years before the bank failed and the FDIC-Receiver took over, substituting itself as a party to this action. Plaintiff had no control over this process and was forced, as a result, to exhaust his administrative remedies and have this litigation stayed. However, while waiting for the resolution of the administrative process, the FDIC-Receiver assigned the Note and Deed of Trust to MVB.[7]

---

[7]Presumably, it was done as part of the Whole Bank Purchase and Assumption Agreement that occurred months earlier, but the Note and Deed of Trust were not executed and publicly recorded until October of 2020.

Months later, the FDIC-Receiver denied the administrative claim, and it informed Plaintiff he had sixty days to file a new action or to continue with the current litigation. Plaintiff opted to continue with this litigation, but he realized that any chance he could recovery "a monetary award [from the FDIC-Receiver] was negligible at best" so the parties agreed to allow him to revise his Third Amended Complaint. *Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss*, at 2, ECF No. 24. In the end, however, all the procedural hoops Plaintiff had to jump through proved for naught because the FDIC-Receiver essentially extinguished its responsibility to remedy Plaintiff's alleged injury by transferring the Note and Deed of Trust to MVB.

Given this nearly untenable position Plaintiff has involuntarily found himself in, he alternatively requests that he be able to add or substitute MVB as a defendant as a necessary party under Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure.[8] Under the Rule, a moving party has the burden of showing that an absent party is necessary. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). "The inquiry contemplated by Rule 19 is a practical one" left "to the sound discretion of the trial court." *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980) (citations omitted). Pursuant to Rule 19(a)(1)(A), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that [party's] absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A).[9]

---

[8] In a similar vein, the FDIC-Receiver asserts the action should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join MVB as a necessary party under Rule 19(a)(1)(A).

[9] Rule 19(a)(1)(B) also permits an absent party to seek to join an action under certain circumstances, but this section is not relevant here as MVB has not asked to join the action.

Although Plaintiff has not argued the Rule in detail, it is clear from the totality of the briefing that Plaintiff cannot be awarded the relief he seeks without MVB being added as a necessary party. Therefore, in the interests of justice and for good cause shown, the Court shall permit Plaintiff to join MVP as a defendant. Additionally, as claims against the FDIC-Receiver are limited by statute and those same limitations may not apply to MVB, the Court shall allow Plaintiff to file a Fifth Amended Complaint asserting any claims he believes he may have.[10]

Accordingly, the Court **GRANTS** Plaintiff's request to add MVB Bank, Inc. as a defendant to this action. Additionally, although the Court agrees that Plaintiff may not proceed against the FDIC-Receiver under the claim set forth in the Fourth Amended Complaint, the Court is hesitant to dismiss the FDIC-Receiver completely from this action until after the Fifth Amended Complaint is filed and the Court has had the opportunity to review it. Therefore, the Court **HOLDS** the motion **IN ABEYANCE** and **DIRECTS** Plaintiff to file his Fifth Amended Complaint **on or before March 23, 2022**. Plaintiff should serve copies of the Fifth Amended Complaint as quickly as possible.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 11, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[10] Nothing in the Court's decision prevents MVB from arguing that joinder is improper or from it raising other defenses to any claims Plaintiff files against it.