IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN S. HENSLEY,

        Plaintiff,

v.                                        CIVIL ACTION NO.   3:20-0292

MVB BANK, INC.

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant MVB Bank, Inc.'s Motion to Dismiss Fifth Amended Complaint. ECF No. 33. For the following reasons, the Court **GRANTS** the motion.

Plaintiff Steven S. Hensley filed this action originally against Defendant's predecessor in interest, The First State Bank, in the Circuit Court of Cabell County on August 22, 2014. As more fully explained in this Court's Memorandum Opinion and Order entered on March 11, 2022, Plaintiff claimed in his lawsuit that The First State Bank engaged in unscrupulous loan activities, resulting in him entering into a consolidated and exploitive commercial loan, with an undisclosed balloon payment, instead of a residential loan for him to build a new house. *Compl.* at 1-2, ECF No. 1-6. As a result, Plaintiff sued The First State Bank for Unconscionable Contract, Negligent Supervision Oversight, Fraud as to Type of Contract and Balloon Rate, Fraud in Loan Amount, Unjust Enrichment, Conversion, Illegal Debt Collection, and Breach of Contract. On July 28, 2016, Plaintiff filed an Amended Complaint with the same causes of action. ECF No. 1-7.

Thereafter, Plaintiff filed a Second Amended Complaint filed on October 2, 2018, adding a claim for Fraud related to an alleged forged deed of trust. ECF No. 1-8.

On April 3, 2020, The First State Bank failed and the Federal Deposit Insurance Corporation (FDIC) was appointed as its Receiver. *See* 12 U.S.C. § 1821(d)(2)(A), in part ("The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to--(i) all rights, titles, powers, and privileges of the insured depository institution"). On the same day, the FDIC executed a Whole Bank Purchase and Assumption Agreement with MVB Bank, Inc. (MVB), which acquired virtually all assets of The First State Bank. Thereafter, on April 14, 2020, Plaintiff amended his Complaint for a third time, adding a claim for a violation of West Virginia Code § 31-17-8(m)(8), which prohibits the amount of a loan to exceed the fair market value of the property used as collateral. ECF No. 1-9.[1] After the Third Amended Complaint was filed, the FDIC-Receiver substituted itself as a party and removed the action to federal court on April 24, 2022. The Court then granted the FDIC-Receiver's motion to stay so the parties could complete the administrative claims process mandated by the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), at 12 U.S.C. § 1821(d)(3)-(13).

While Plaintiff's action was in the midst of the administrative process, the FDIC-Receiver executed and publicly recorded an assignment of the Deed of Trust and Note at issue in this case to MVB on October 8, 2020. Approximately three months later, the FDIC-Receiver disallowed Plaintiff's claim "as not proven to the satisfaction of the Receiver." *Not. of*

---

[1]The Third Amended Complaint omitted the Fraud claim added in the Second Amended Complaint.

*Disallowance of Claim* (Jan. 12, 2021), ECF No. 11-1. Therein, Plaintiff was given sixty days to either "file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) . . . [or] the disallowance of [the] claim will be final" and Plaintiff "will have no further rights or remedies with respect to [his] claim." *Id*. Plaintiff choose to proceed with this litigation.

Upon lifting the stay, the parties agreed for Plaintiff to file a Fourth Amended Complaint. In his Fourth Amended Complaint filed on June 3, 2021, Plaintiff eliminated all his prior claims other than his claim under West Virginia Code § 31-17-8(m)(8). *Fourth Am. Compl.*, ECF No. 18. The FDIC-Receiver than moved to dismiss the Fourth Amended Complaint because, in part, the Note and Deed of Trust were sold to MVB. Additionally, the FDIC-Receiver asserted that Plaintiff's claim under West Virginia Code § 31-17-8(m)(8) was barred by the two-year statute of limitations. *See Robinson v. Quicken Loans Inc.*, 988 F. Supp. 2d 615, 627 (S.D. W. Va. 2013) (holding that "the two-year, catch-all statute of limitations period contained in § 55–2–12 governs" West Virginia Code § 31-17-8(m)(8)).[2] Upon consideration, the Court ultimately granted the FDIC-Receiver's motion because it no longer had an interest in the property or mortgage, but it also allowed Plaintiff to add MVB as a necessary party. The Court did not rule on the statute of limitations issue.

Thereafter, on March 23, 2022, Plaintiff filed a Fifth Amended Complaint naming MVB. In his Fifth Amended Complaint, Plaintiff resurrected his claims of Unconscionable Contract (Count I), Negligent Supervision Oversight (Count II), and Breach of Contract (Count

---

[2] The FDIC-Receiver also argued that FIRREA barred Plaintiff's requested declaratory relief.

III), which were included in his original through his Third Amended Complaint on April 12, 2020. He also included his claim under West Virginia Code § 31-17-8(m)(8), which he added for the first time in his Third Amended Complaint. MVB now moves to dismiss the Fifth Amended Complaint on jurisdictional and statute of limitations grounds.

First, MVB asserts Count I, II, and III must be dismissed because Plaintiff did not include them in his administrative claim. As Plaintiff failed to exhaust these claims under FIRREA, MVB argues this Court lacks jurisdiction to consider them. In his Response, Plaintiff concedes that he limited his administrative claim to a violation of West Virginia Code § 31-17-8. However, Plaintiff argues it was done to streamline the process after he had discussed the matter with the FDIC-Receiver. Despite this failure to exhaust, Plaintiff maintains the underlying facts support these claims.

Although Plaintiff may have facts that support his claims and he made the claims in early complaints against the FDIC-Receiver, this Court's jurisdiction is limited by the exhaustion requirement found in 12 U.S.C. § 1821(d)(13)(D)(ii) of FIRREA. This provision requires administrative exhaustion for "any claim relating to any act or omission of [an institution for which the FDIC has been appointed receiver] or the Corporation as receiver." 12 U.S.C. § 1821(d)(13)(D)(ii). As the Fourth Circuit explained in *Willner v. Dimon*, 849 F.3d 93 (4th Cir. 2017), this section "bars unexhausted claims against an assuming bank that relate to an act or omission of an institution for which the Office of Thrift Supervision appointed the FDIC as receiver[.]" 849 F.3d at 104. In other words, where the FDIC is appointed the receiver of a defunct financial institution and a plaintiff makes claims based on the acts and omissions of the failed

financial institution, as opposed to claims of independent wrongdoing of the acquiring institutions, "§ 1821(d)(13)(D)(ii) operates as a jurisdictional bar." *Id*. (citations omitted).

In this case, Plaintiff does not deny, nor could he, that his first three claims are all based on the conduct of The First State Bank. As such, Plaintiff was required under FIRREA to exhaust these claims. As he did not, this Court is without subject matter jurisdiction irrespective of any factual support he may have for those claims. Therefore, the Court **GRANTS** MVB's motion to dismiss Counts I, II, and III.

On the other hand, Plaintiff did exhaust Count IV, alleging a violation of West Virginia Code § 31-17-8(m)(8) for issuing a mortgage exceeding the fair market value of the real estate serving as the collateral. However, Plaintiff did not raise this claim until April 14, 2020, nearly six and one-half years after the December 11, 2013 loan at issue was made. Therefore, like the FDIC-Receiver previously did, MVB moves to dismiss Count IV for not being filed within the applicable two-year statute of limitations. Plaintiff does not deny the timing of his claim, but he insists it should not be dismissed because it relates back to the original complaint under Rule 15 of the West Virginia Rules of Civil Procedure.[3]

As Plaintiff filed his Third Amended Complaint before it was removed, West Virginia's Rule 15 applies. *Lloyd v. Gen. Motors Corp.*, 560 F. Supp. 2d 420, 424 (D. Md. 2008)

---

[3]At the time the Third Amended Complaint was filed, this action was pending in state court. Ten days after the Third Amended Complaint was filed, the FDIC-Receiver substituted itself as a party and removed the case.

(finding "[w]hen a pleading is amended prior to removal, the relation back inquiry is governed by state law" (citations and footnote omitted)); *see also Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014) (holding that a Texas statute applied to determine whether an "amended petition filed in state court relates back to the date of his original petition"); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Rule 15(c)(2) of the West Virginia Rules provides, in part, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" W. Va. Rule Civ. P. 15(c)(2). As the West Virginia Supreme Court held in *Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219 (W. Va. 1994),[4] "amendments relate back when the cause of action sought to be added grows out of the specified conduct of the defendant that gave rise to the original cause of action. If, however, the supplemental pleading creates an entirely new cause of action based on facts different from those in the original complaint, the amended pleading will not relate back for statute of limitations purposes." Syl. Pt. 7, *Dzinglski*; *see also S. Env't, Inc. v. Bell*, 854 S.E.2d 285, 292-93 (W. Va. 2020) (citing *Dzinglski* and finding new claim did not relate back where plaintiffs had to add new factual allegations in order to properly state the claim).

In this case, Plaintiff asserted a new cause of action for the first time in 2020 based upon facts not alleged in the earlier Complaints. Specifically, Plaintiff now claims that the appraised fair market value of his property was $135,000. This key allegation serves as the basis for his new claim that the refinanced loan The First State Bank issued him on December 11, 2013

---

[4]Holding modified on other grounds by *Tudor v. Charleston Area Med. Ctr., Inc.*, 506 S.E.2d 554 (W. Va. 1997).

for $304,500 violated West Virginia's prohibition against loans exceeding the fair market value of the property used as collateral. Although Plaintiff's earlier complaints all mention the 2013 loan in the factual background for his other claims, there are no allegations related to the fair market value of the collateralized property or any indication Plaintiff is claiming there is a disparity between the value of the property and the amount of loan. Without any allegations that a disparity exists in the earlier Complaints, Plaintiff could not properly assert a claim under West Virginia Code § 31-17-8(m)(8) in those Complaints. Thus, as Plaintiff's Third Amended Complaint "creates an entirely new cause of action based on facts different from those in the [earlier] complaint[s], the amended pleading will not relate back for statute of limitations purposes." Syl. Pt. 7, *Dzinglski*.

Moreover, Plaintiff provides no explanation as to why this claim was not, or could not have been, timely asserted. The loan was issued on December 11, 2013. Plaintiff filed his original Complaint on August 22, 2014, and the statute of limitations ran on December 11, 2015. As previously mentioned, Plaintiff did not raise a claim under West Virginia Code § 31-17-8(m)(8) under April 14, 2020, over six years after the loan was issued and over four years after the statute of limitations had run. Statutes of limitations require parties to set forth their claims within a reasonable time and "are intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013) (internal quotation marks and citation omitted); *see also* Syl. Pt. 2, *Perdue v. Hess*, 484 S.E.2d 182 (W.Va. 1997) (stating "[t]he ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time"). Here, the Court finds the gap between the end of the limitation

period and the assertion of new factual allegations is simply too great to set aside the difficulties MVB will experience in attempting to defend against an event that occurred so long ago. Therefore, the Court also finds Plaintiff's delay in making this claim is unfairly prejudicial to MVB.[5]

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant MVB Bank, Inc.'s Motion to Dismiss Fifth Amended Complaint. ECF No. 33.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 7, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[5]As the additional claim results in unfair prejudice to MVB, the claim also would fail if the Court applied the relation back doctrine under Federal Rule 15(c)(1)(B). With respect to the federal rule, the Fourth Circuit has held that "[a] claim arises out of the same conduct, transaction, or occurrence if: (1) there is 'a factual nexus between the amendment and the original complaint,' and (2) the 'defendants had notice of the claim and will not be prejudiced by the amendment.'" *Cannon v. Peck*, 36 F.4th 547, 576 (4th Cir. 2022) (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983) (other citation omitted).