IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN S. HENSLEY,

           Plaintiff,

v.                         CIVIL ACTION NO.   3:20-0292

MVB BANK, INC.

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Steven S. Hensley's Motion to Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 40. Defendant MVB Bank, Inc. (MVB) has filed a memorandum in opposition to Plaintiff's motion. Plaintiff did not reply. Upon consideration of the arguments of the parties, the Court **DENIES** the motion.

On September 7, 2022, this Court entered a Memorandum Opinion and Order dismissing Plaintiff's Fifth Amended Complaint. In that Complaint, Plaintiff made claims for Unconscionable Contract (Count I), Negligent Supervision Oversight (Count II), Breach of Contract (Count III), and Violation of West Virginia Lender, Broker and Service Act, [West Virginia Code §] 31-17-8(m)(8) (Count IV).[1] MVB moved to dismiss all these claims on jurisdictional and statute of limitations grounds.

---

[1] West Virginia Code § 31-17-8(m)(8) prohibits the amount of a loan to exceed the fair market value of the property used as collateral. W. Va. § 31-17-8(m)(8).

In its September 7 Memorandum Opinion and Order, the Court granted MVB's motion to dismiss Counts I, II, and III because Plaintiff failed to exhaust his administrative remedies pursuant to 12 U.S.C. § 1821(d)(13)(D)(ii) of the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA). *Hensley v. MVB Bank, Inc.*, No. 3:20-cv-0292, 2022 WL 4099221, at *3 (S.D. W. Va. Sept. 7, 2022). Therefore, the Court found it lacked subject matter jurisdiction over those claims. *Id.* The Court also dismissed Plaintiff's Count IV, claiming a violation of § 31-17-8(m)(8), as barred by the two-year statute of limitations. *Id.*; *see Robinson v. Quicken Loans Inc.*, 988 F. Supp. 2d 615, 627 (S.D. W. Va. 2013) (holding that "the two-year, catch-all statute of limitations period contained in § 55–2–12 governs" West Virginia Code § 31-17-8(m)(8)). In his current motion, Plaintiff does not argue that the Court wrongly dismissed Counts I, II, and III. He only agues that the Court made a "clear error" by finding his claim under § 31-17-8(m)(8) violated the statute of limitations. Plaintiff insists this claim relates back to his first Complaint filed on August 22, 2014 and, therefore, the Court should amend its judgment under Rule 59(e) and allow the case to proceed on Count IV.

In his Rule 59(e) motion, Plaintiff explains it is understandable why the Court did not find the claim related back to the original Complaint before it entered judgment in favor of MVB because the majority of the litigation occurred in state court. As a result, Plaintiff asserts this Court was unaware of all that transpired before 2020 when he added his § 31-17-8(m)(8) claim in his Third Amended Complaint. Indeed, in his opposition to MVB's Motion to Dismiss, Plaintiff made no effort whatsoever to offer any evidence to support his relation back argument. Instead, he only made conclusory statements, such as, "[t]he violation was based upon the same conduct, transaction and occurrence that was set forth in the Plaintiff's initial Complaint filed in Circuit

Court." *Pl.'s Mem. in Opp. to Def.'s Motion to Dismiss,* at 6, ECF No. 35. Nevertheless, before ruling on MVB's motion, the Court thoroughly reviewed Plaintiff's original Complaint and Plaintiff's four amended versions of his Complaint before concluding his § 31-17-8(m)(8) claim was first made in 2020 based upon facts not alleged in the earlier Complaints. *Hensley*, 2022 WL 4099221, at *3. As the statute of limitations ran on Plaintiff's claims on December 11, 2015, the Court found it was filed out of time. *Id*. at *4.

Now, Plaintiff asks the Court to reconsider its decision for "clear error" based upon evidence and arguments that existed before the Court ruled against him, but he previously failed to provide. Plaintiff does not deny his § 31-17-8(m)(8) claim first appeared in his 2020 Third Amended Complaint filed in state court. However, he argues the Court should find it relates back to his original Complaint filed in 2014 because the inadequacy of the loan-to-value ratio underpinning his claim "was being litigated by the parties as far back as 2017." *Mem. in Supp. of Pl.'s Motion to Alter J.*, at 1, ECF No. 41. Specifically, Plaintiff states he was unaware the amount of the loan he received in 2013 was far greater than the value of his house used as collateral until he received a copy of his loan file in discovery on or about September 11, 2015. Thereafter, in March of 2017, Plaintiff disclosed an expert report from J.D. Koontz, opining there was insufficient collateral for the 2013 loan. Plaintiff asserts the parties litigated this issue in state court, and he ultimately filed his Third Amended Complaint in 2020, alleging a violation of § 31-17-8(m)(8).

However, as the Fourth Circuit has repeatedly held, reconsideration under Rule 59(e) "is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an

intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Additionally, a motion made pursuant to Rule 59(e) "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins.*, 148 F.3d at 403; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (stating "[r]ule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment'" (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995) (footnotes omitted)); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) ("Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered.").

Here, the Court must view Plaintiff's evidence and arguments through the lens of Rule 59(e). All the evidence and arguments Plaintiff now makes were available to him before judgment was entered, and this Court would have considered Plaintiff's evidence and arguments if they had been timely presented. However, just like his failure to timely add his claim alleging a violation of § 31-17-8(m)(8), he has failed to timely submit the evidence and arguments he now argues warrant reconsideration. As a result, Plaintiff's motion fails. Additionally, even if the Court did consider Plaintiff's evidence, it demonstrates he still did not timely file his § 31-17-8(m)(8) claim as it took him over four years after he states he received his loan file before he actually added the claim to the Third Amended Complaint.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff Steven S. Hensley's Motion to Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 40. The final Judgment Order entered in favor of Defendant MVB Bank, Inc. on September 7, 2022, remains unchanged.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     December 12, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE